UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM LYNN PHELPS, SR.,

    Petitioner,

v.                                                                        Case No. 3:21cv754-MCR-HTC

RICKY D. DIXON,
Secretary of the Florida Department of Corrections,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner William Lynn Phelps, Sr., brings this habeas petition under 28 U.S.C. § 2254, arguing his Fourth Amendment rights were violated when the trial court denied his motion to suppress, which was based on law enforcement's alleged failure to perform a "knock and announce." ECF Doc. 1 at 10. After considering the petition, the record, the State's response, ECF Doc. 17, and Petitioner's reply, ECF Doc. 23, the undersigned recommends the petition be DENIED without an evidentiary hearing.

## I. BACKGROUND

Based on evidence found pursuant to a search warrant executed at Petitioner's hotel room, Petitioner was charged with trafficking in methamphetamine, possession of a firearm by a convicted felon, possession with intent to sell a controlled substance and possession of drug paraphernalia. ECF Doc. 17-4 at 7. He filed a motion to suppress the evidence, arguing officers failed to follow Florida's knock-and-announce rules. ECF Doc. 17-3. The circuit court held an evidentiary hearing on the motion to suppress on April 24, 2019. ECF Doc. 17-4.

At the hearing, Investigator Scapecchi of the Escambia County Sheriff's Office testified he had obtained a warrant to search Petitioner's hotel room and arrived at the door to execute the search at around 9 p.m. *Id.* at 27. He assembled an entry team, including individuals to break the door down if necessary. *Id.* at 30. Inspector McKenna testified he was the officer assigned to knock on the door and announce their presence. *Id.* at 39. He testified that, when they arrived, the door was open "maybe an inch or so" and it appeared the door was being held open by leaning on the door latch. *Id.* McKenna testified he knocked and announced, "Sheriff's Office, search warrant, open the door." *Id.* at 41-44. When he knocked, however, the door opened further and he stepped aside, allowing the entry team to rush inside. *Id.* at 44. Less than five seconds passed between the knock-and-announce and the entry. *Id.*

Petitioner's adult daughter, who was in the room when the police entered, testified she did not hear a knock and did not hear them announce their presence. *Id.* at 9. However, during a recorded jail call between Petitioner and an unidentified female, which was played during the hearing, Petitioner admitted the police knocked "one time and it flew open and they were in the room." *Id.* at 24.

The court denied the motion to suppress in open court, *id.* at 65-67, and Petitioner pled guilty. 17-5 at 2. He reserved the right to appeal the denial of the motion to suppress. ECF Doc. 17-7 at 181. He was sentenced on October 7, 2019, to concurrent terms of imprisonment totaling 15 years. ECF Doc. 17-5.

Petitioner appealed the denial of the motion to suppress, and the First District Court of Appeals affirmed without written opinion on January 28, 2021. ECF Doc. 17-11 at 3. Petitioner did not seek further review in the Florida or United States Supreme Courts, so his conviction became final 90 days later, or on April 28, 2021. *See Bond v. Moore*, 309 F.3d 770, 773–74 (11th Cir. 2002) (holding a state prisoner's conviction becomes final when the U.S. Supreme Court denies certiorari, issues a decision on the merits, or when the 90-day period to file a petition for certiorari expires). The federal petition was filed May 7, 2021, ECF Doc. 1 at 1, so it is timely.

## II.     DISCUSSION

Petitioner is not entitled to federal habeas relief because (1) he failed to fairly present this claim as a Fourth Amendment claim in state court; and (2) even if he had, a claim for relief based on a denial of a motion to suppress is barred from federal review by *Stone v. Powell*, 428 U.S. 465 (1976).

### A.     Failure to Exhaust as Federal Claim in State Court

Habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court. 28 U.S.C. § 2254(b)(1); *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1343 (11th Cir. 2004). To exhaust a federal claim, a petitioner must fairly present the claim to the state courts by alerting the court to the federal nature of the claim. *Picard v. Connor*, 404 U.S. 270, 275 (1971). "It is not sufficient merely that the federal habeas petitioner has been through the state courts ... nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." *Kelley*, 377 F.3d at 1343–44 (citing *Picard*, 404 U.S. at 275–76, and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Rather, to ensure state courts have the first opportunity to hear all claims, federal courts "have required a state prisoner to present the state courts with the same claim he urges upon the federal courts." *Picard*, 404 U.S. at 275 (citations omitted).

Although Petitioner argued in his direct appeal that the trial court erred in denying his motion to suppress, he couched that claim purely as a state law violation. For example, in his initial brief on appeal, Petitioner identified only Florida cases, statutes, rules and the Florida Constitution in his Table of Authorities. ECF Doc. 17-8 at 4. In his Summary of the Argument, he did not mention any federal law. The entire focus of Petitioner's argument on direct appeal was that officers did not follow the knock and announce procedures in Fla. Stat. § 933.09.[1] Indeed, Petitioner makes only one passing reference to the Fourth Amendment in his appeal. ECF Doc. 17-8 at 7.

Isolated "references to federal law in [a] state habeas proceedings," however, "are exactly the type of needles in the haystack that … are insufficient to satisfy the exhaustion requirement." *McNair v. Campbell*, 416 F.3d 1291, 1303 (11th Cir. 2005) (citing *See Kelley,* 377 F.3d at 1344-50). In *McNair*, the Eleventh Circuit found that petitioner's argument that the jurors' consideration of the Bible violated his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law" was insufficient to fairly present a federal issue because "[a]ll of the substantive

---

[1] Pursuant to Fla. Stat. § 933.09, "The officer may break open any outer door, inner door or window of a house, or any part of a house or anything therein, to execute the warrant, if after due notice of the officer's authority and purpose he or she is refused admittance to said house or access to anything therein."

Case No. 3:21cv754-MCR-HTC

argument contained in that section of McNair's brief addressed Alabama law, with the bulk of it consisting of McNair's attempt to analogize his case to *Ex parte Troha,* 462 So.2d at 953. The relevant part of the brief contained only two references to federal law." *Id.* As in *McNair*, Petitioner's general (and singular) reference to the Fourth Amendment did not specifically alert the state court of Petitioner's federal claim and, thus, Petitioner has not exhausted this claim. Petitioner is, therefore, not entitled to relief.

      **B.**      **Petitioner's Fourth Amendment Claim Is Barred by *Stone v. Powell***

Even were the Court to find Petitioner's claim was exhausted, it is barred from review. In *Stone v. Powell*, 428 U.S. 465 (1976), the United States Supreme Court determined that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494. "'[F]ull and fair consideration' in the context of the Fourth Amendment includes 'at least one evidentiary hearing in a trial court and the availability of meaningful appellate review when there are facts in dispute, and full consideration by an appellate court when the facts are not in dispute.'" *Bradley v. Nagle*, 212 F.3d 559, 564-65 (11th Cir. 2000) (quoting *Caver v. Alabama*, 577 F. 2d 1188, 1191 (5th Cir. 1978)).

Here, Petitioner filed a motion to suppress, and the state court held an evidentiary hearing. ECF Doc. 17-4. The state court considered the testimony of all involved and determined that the police followed the knock-and-announce procedures in the Florida Statute. *Id.* at 66. The court noted the dangers of unannounced entry were lessened because the entry occurred at 9 p.m., and not the early morning hours. The court noted that the door was slightly ajar but, even with that, law enforcement "knock[ed] on the door, what they're supposed to do, they announce, the door opens up." *Id.* The judge made clear he "looked at the facts of this case" before making his decision and explained, "[t]here is no breaking, the door is open . . . . That's common sense, we're clear. And then the door comes open, there's an exception for whatever time, you know, if you don't believe five seconds was enough, officer safety was involved, they did everything correctly; so, I'm going to deny your motion." *Id.* at 67.

Petitioner then filed a direct appeal, arguing the trial court erred in denying the motion to suppress because the officers failed to follow the knock and announce procedures required by Florida Statutes § 933.09. ECF Doc. 17-8 at 9. The First DCA denied relief without a written opinion. Thus, it is presumed the court considered the issue on the merits. *Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the

merits in the absence of any indication or state-law procedural principles to the contrary.").

Because the State provided Phelps a "full and fair" opportunity to litigate his Fourth Amendment claim in the state courts, *Stone* precludes this Court from reviewing Phelps' Fourth Amendment claim. *See Bradley*, 212 F.3d at 564-65 ("[S]o long as a defendant has had the opportunity to present his Fourth Amendment claims to the state trial and appellate courts, the objectives of the exclusionary rule have been satisfied.").

## III.   CONCLUSION

### A.   Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted as the petition presents a purely legal question. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Additionally, this Court must consider the deferential standards prescribed by § 2254. *See id.* Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing. *See Schriro*, 550 U.S. at 474.

**B.     Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case No. 3:21cv754-MCR-HTC

Accordingly, it is respectfully RECOMMENDED:

1. That the petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Phelps*, 2018-CF-4381, ECF Doc. 1, be DENIED without an evidentiary hearing.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 21st day of February, 2023.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.